15-1721-cv
Doroz v. Tect Utica Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT:   PIERRE N. LEVAL,
               RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*,
               EDWARD R. KORMAN,
                   *District Judge.**

------------------------------------------------------------------

Krzysztof Doroz,

                         *Plaintiff-Appellant*,

                v.                                    No. 15-1721-cv

Tect Utica Corporation,

                         *Defendant-Appellee.*

------------------------------------------------------------------

---

\* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLANT:     KRZYSZTOF DOROZ, *pro se*, Utica, NY.

FOR APPELLEE:     STEPHEN D. TURNER, Gregory N. Longworth, Clark Hill PLC, Grand Rapids, MI.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Krzysztof Doroz, pro se, appeals the District Court's grant of summary judgment in favor of Tect Utica Corporation on his 42 U.S.C. § 1981 claims. We review the District Court's grant of summary judgment de novo, construing all evidence and drawing all reasonable inferences in Doroz's favor. Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013).

We affirm for the reasons stated by the District Court. The stray remark upon which Doroz relies, uttered by a co-worker and never reported to management, does not amount to a hostile or discriminatory work environment. See Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115 (2d Cir. 2007), abrogated on other grounds by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009). Nor was Doroz similarly situated to the two comparators to whom he pointed in

support of his disparate-treatment claim. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001). Doroz also failed to introduce any evidence that he was passed over for a promotion because of discrimination, rather than because of his qualifications. See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 129 (2d Cir. 2004). Finally, Doroz failed to rebut the evidence that he was fired and refused reinstatement for a legitimate, non-discriminatory, and non-retaliatory reason—his insubordination when asked to move to a different department. See Holt v. KMI–Continental, Inc., 95 F.3d 123, 129–31 (2d Cir. 1996).

We have considered Doroz's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk