White v. Velie

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

John White, AKA John H. White,

> *Plaintiff-Appellant*,
>
> v.                                                                    16-1183

Eric P. Velie, RN Bruce, RN Atkinson, RN Wilson, RN Waterson, RN Lordi, RN Bergeron, RN Marlow, Michael Moore, Area Sergeant, Donald Uhler, Superindent, Donita E. McIntosh, Sandra Danforth, Earl Bell, Smith, Supervisor, Medical Personnel

> *Defendants-Appellees*,

Alvin Gravlin, Melissa Cook, Counselor, Don Hoag, F.S.M.,

> *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:            John H. White, pro se, Marcy, N.Y.

FOR DEFENDANTS-APPELLEES:        Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Victor Paladino, Allyson B. Levine, Assistant Solicitors General, Albany, N. Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*; Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John H. White, proceeding *pro se*, appeals the district court's judgment dismissing some of his 42 U.S.C. § 1983 claims and granting summary judgment to the defendants on his remaining claims because he had not exhausted his administrative remedies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). The district court ruled that White had not exhausted his claims because, although he had asserted that he filed grievances and received no response, he was required to properly appeal an unanswered grievance.

Our exhaustion case law has changed since the district court's decision. In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court ruled that special circumstances could not excuse a prisoner's failure to exhaust, but an inmate need not exhaust his claims if administrative remedies are not available. "*Ross* largely supplants our [special circumstances] inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually

available to the aggrieved inmate." *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

White first argues that he did not need to exhaust the issues underlying his § 1983 complaint because he had previously filed grievances about similar incidents. This argument is meritless. Although we have held that an earlier grievance may be "sufficient to exhaust [a prisoner's] administrative remedies with respect to the continuing" infringement of his rights, that exception "is necessarily limited to cases in which a prior grievance identifies a *specific* and *continuing* complaint that ultimately becomes the basis for a lawsuit." *Johnson v. Killian*, 680 F.3d 234, 239 (2d Cir. 2012) (emphasis added). Here, however, White has not shown that he previously exhausted a grievance about the "specific and continuing complaint that ultimately" became the basis of this lawsuit. He has not identified any grievance that raised the same issues underlying this action—a correctional officer's alleged use of excessive force and the subsequent denial of medical care, nor has he identified any grievance that exhausted claims of a pattern of such conduct. White generally refers to the defendants' summary judgment evidence, which listed by title the grievances he has exhausted, but that does not demonstrate that he previously grieved and exhausted the same events underlying this action. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) ("[R]eliance upon conclusory statements . . . is not sufficient to defeat a summary judgment motion.").

White also argues that the district court failed to consider a regulation addressing "like grievances," which are defined as "grievances emanating from a substantially similar situation/issue or with a similar action requested, or complaints which could be resolved with the same action." 7 N.Y.C.R.R. § 701.2(d). But White's reliance on 7 N.Y.C.R.R. § 701.5(a)(3) does not assist him because it provides only that "like grievances" can be consolidated and

3

considered together when more than one inmate grieves the same issue, not when one inmate repeatedly grieves the same issue. Nothing in the regulations supports White's position that he need not file a grievance to exhaust his claims in light of his prior grievances.

Finally, White argues that the grievance process was unavailable to him for two reasons. First, he argues the regulations do not address how to file a grievance when "a prisoner has continually incurred consecutive harms of a[n] identical nature," Appellant Br. at ¶ 19, suggesting that the procedure was "so opaque that it [became], practically speaking, incapable of use." *Ross*, 136 S. Ct. at 1859. White's argument that he did not understand how to file a grievance regarding a larger pattern of conduct is at odds with his assertion that he did file an unexhausted grievance regarding the events in question that did not receive a response. In any event, 7 N.Y.C.R.R. § 701 plainly provides a mechanism for exhausting excessive force and denial of medical care claims. *See also, e.g.*, *Williams*, 829 F.3d at 119-20 (describing grievance procedure). It is not apparent why the process for grieving repeated harms would be any more "opaque" than the process through which White filed dozens of grievances such that "no ordinary prisoner can discern or navigate" how to grieve a pattern of misconduct. *Ross*, 136 S. Ct. at 1859.

Second, White argues that the grievance process was unavailable to him because it "could provide no remedy & . . . no actual favorable outcome to" him. Appellant Br. at ¶ 19. We construe White's brief as arguing that the grievance process "operate[d] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," because it never granted him relief. *Ross*, 136 S. Ct. at 1859. Once defendants have met their initial burden of demonstrating that a grievance process exists, however, a plaintiff bears the burden of "demonstrat[ing] that other factors . . . rendered a nominally available procedure

4

unavailable as a matter of fact." *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015); *see also Ross*, 136 S. Ct. at 1859 ("The modifier 'available' requires the possibility of some relief. When the facts on the ground demonstrate that no such potential exists, the inmate has no obligation to exhaust the remedy." (internal quotation marks and citation omitted)). White has not satisfied his burden of establishing that the grievance process was unavailable to him. Here, the summary judgment evidence (provided by the defendants) lists only the titles of White's grievances and when they were filed, but it does not say whether White received a ruling in his favor. Nor has White presented any evidence about the outcomes in the grievance system in general. On this record, he has not shown that prison officials are consistently unwilling to grant relief. Because White did not exhaust his administrative remedies, any error in the district court's dismissal of some of his claims was harmless.

We have considered all of White's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk