Grafton v. Hesse

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> JANE A. RESTANI,
> *Judge*.*

---

KENNETH GRAFTON,

> *Plaintiff-Appellant,*

MICHAEL BLAYLOCK, BILAL HASSAM,

> *Plaintiffs,*

> v.                                                                No. 17-3346-cv

ASSISTANT DEPUTY UNDERSHERIFF HESSE, CHIEF ADMINISTRATIVE OFFICER, LIEUTENANT MILLER, GRIEVANCE COORDINATOR, MARCOLINO, GRIEVANCE INVESTIGATOR, RESHAD, GRIEVANCE INVESTIGATOR, RODRIGUEZ, GRIEVANCE INVESTIGATOR, MERRIWEATHER,

---

*Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

GRIEVANCE INVESTIGATOR, CORPORAL FIELDING, AREA SUPERVISOR,

*Defendants-Appellees.*

---

*For Plaintiff-Appellant*:                  CHARLES D. COLE, JR., Newman Myers Kreines Gross Harris, P.C., New York, NY.

*For Defendants-Appellees*:             JARED A. KASSCHAU, (Robert F. Van der Waag, Deputy County Attorney, on the brief), County Attorney of Nassau County, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Kenneth Grafton, formerly incarcerated at Nassau County Correctional Center ("NCCC"), appeals from the district court's September 28, 2017 judgment granting defendants' motion to dismiss based on his failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Grafton asserts he was excused from exhausting his claim through NCCC's prison grievance system because prison staff made the grievance system unavailable to him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments presented on appeal.

We review *de novo* a district court's grant of a motion to dismiss. *Williams v. Correction Officer Priatno*, 829 F.3d 118, 121 (2d Cir. 2016). In so doing, "we accept all of the factual allegations in the complaint as true," drawing all reasonable

2

inferences in favor of the non-moving party. *Id.* at 122. Because Grafton appeared pro se before the district court, we are "to conduct our examination with special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Id.* (internal citations and quotation marks omitted).

The PLRA states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Grafton acknowledges that he did not exhaust administrative remedies, but he maintains that he is excused because prison staff members had made those remedies unavailable to him.

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court explained there are three circumstances in which an administrative remedy is unavailable: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the remedy is "so opaque" that "no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Grafton first argues that the grievance process was unavailable to him because NCCC staff members' intimidation put him and his co-plaintiffs "under threat of retaliation" due to the grievances they had filed challenging prison conditions in the medical unit. Appellant's Br. 13. This argument fails. We have held that where there has been no affirmative action by prison staff actually preventing prisoners

3

from pursuing administrative remedies, those remedies are not unavailable under the PLRA. *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006). Here, Grafton and his co-plaintiffs, in their complaint, pleaded that they had filed grievances subsequent to the staff members' threats. Based on the record before us, Grafton was never actually prevented from filing a grievance at NCCC. The district court thus properly determined staff members' intimidation had not made the prison grievance system unavailable to Grafton.

Next, Grafton asserts that prison staff were consistently unwilling to provide relief and that the grievance system was a "dead end with [him] being asked to supply documents that he did not have and grievances not being collected and processed as required." Appellant's Br. 8. Again, we are not persuaded.

This circuit's decision in *White v. Velie*, 709 F. App'x 35 (2d Cir. 2017) (summary order) provides guidance here. In *White*, the panel determined that prison staff members were not consistently unwilling to grant relief when the prisoner did not provide documentation of the outcomes of his past grievances or present "any evidence about the outcomes in the grievance system in general." *Id.* at 38–39. Here, Grafton has not provided any evidence regarding the outcome of his past grievances and indicating if or how other NCCC inmates' grievances had been resolved. The evidence Grafton does provide—several of his past grievances containing the notation "Grievance Accepted"—undermines his argument that prison staff had made the prison grievance system a dead end by not collecting and processing grievances as required. Examining the complaint as a whole, we cannot say that Grafton plausibly

4

pleaded that staff members were consistently unwilling to provide him with relief. Because there is no plausible basis for determining otherwise, we conclude Grafton was not excused from exhausting his administrative remedies and the district court properly dismissed Grafton's claim.

The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court