12-2319-cv
*Sotomayor v. City of N.Y.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2012

(Submitted: February 20, 2013    Decided: April 11, 2013)

Docket No. 12-2319-cv

_____

GLADYS SOTOMAYOR,

*Plaintiff-Appellant,*

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, FRED WALSH, JEANETTE SMITH,

*Defendants-Appellees.*

_____

Before:
        WINTER, CHIN, and DRONEY, *Circuit Judges.*


_____

        Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*) granting summary judgment in favor of defendants-appellants and dismissing plaintiff-appellant's discrimination and retaliation claims under federal, state, and New York City law.

        AFFIRMED.

———————————

ALAN E. WOLIN, Wolin & Wolin,
        Jericho, New York, *for
        Plaintiff-Appellant*.

EDWARD F.X. HART & DRAKE A. COLLEY,
        of Counsel, *for* Michael A.
        Cardozo, Corporation
        Counsel of the City of New
        York, New York, New York,
        *for Defendants-Appellees*.

———————————

PER CURIAM:

Plaintiff-appellant Gladys Sotomayor appeals from the district court's judgment dismissing her claims of employment discrimination and retaliation under federal, state, and New York City law.  We hold that the district court properly granted summary judgment dismissing her claims.  Accordingly, we affirm.

### BACKGROUND

Sotomayor, a schoolteacher, is a fifty-six year old woman of Hispanic descent.  She has been employed by the New York City Department of Education since 1999. Sotomayor claims that, beginning in the 2007-2008 school year, defendants unfairly reprimanded her, observed her classroom with unusual frequency, evaluated her classroom

-2-

performance negatively, and gave her less desirable classroom assignments and duties. She argues that these actions were unwarranted and motivated by discriminatory and retaliatory animus. Defendants acknowledge that they increased their supervision of and attention toward Sotomayor, but they contend they did so to address her performance and behavioral issues.

Sotomayor filed a complaint against defendants raising claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, claiming that she was discriminated and retaliated against on the basis of her age, race, and national origin. In addition, she asserts that defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

After discovery, defendants moved for summary judgment. On May 24, 2012, the district court issued a

Memorandum, Order & Judgment granting the motion in favor of defendants and dismissing all of plaintiff's claims. *Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226 (E.D.N.Y. 2012). This appeal followed.

## *DISCUSSION*

We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We have conducted a *de novo* review of the record, and we conclude that the district court properly granted summary judgment in favor of defendants for substantially the reasons articulated by the district court in its thorough and well-reasoned Memorandum, Order & Judgment. *See Sotomayor*, 862 F. Supp. 2d 226.

With respect to Sotomayor's retaliation claims, however, the district court discussed retaliation only in

-4-

the context of the FMLA.  *See id.* at 261-62 (declining to otherwise address allegations of retaliation because plaintiff never alleged that she had participated in other "protected activity" under federal, state, or city laws). We note that Sotomayor asserted a broader claim of retaliation; her Amended Complaint contends that defendants retaliated against her after she filed a notice of claim, filed a discrimination charge with the U.S. Equal Employment Opportunity Commission, and began this action. SDNY ECF No. 13.  Nonetheless, we have independently reviewed the record and conclude that, even if we assumed defendants' actions resulted in an adverse employment action, no reasonable jury could find that such actions were motivated by a retaliatory animus.  *See, e.g.*, N.Y.C. Admin. Code § 8-107(7) (prohibiting retaliation "in any manner," even absent an adverse employment action); *Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003) (Title VII & ADEA); *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997) (claims brought under New York state law are "analytically identical" to those raised under Title VII).

### *CONCLUSION*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.