12-3041-cv
*Kandt v. TASER Int'l, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

PRESENT: DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                Circuit Judges,
        LAURA TAYLOR SWAIN,
                District Judge.*

- - - - - - - - - - - - - - - - - - - -x

JEFF KANDT,

                Plaintiff-Appellant,

                -v.-                                12-3041-cv

TASER INTERNATIONAL, INC.,

                Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     MICHELLE ARLINE ELLSWORTH
                             RUDDEROW, Williams & Rudderow,
                             PLLC, Syracuse, New York.

---

* The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLEE:          PAMELA B. PETERSEN, TASER
                                 International, Inc., Scottsdale,
                                 Arizona (John F. Renzulli, John V.
                                 Tait, Renzulli Law Firm, LLP,
                                 White Plains, New York, on the
                                 brief).

Appeal from the United States District Court for the Northern District of New York (McCurn, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jeff Kandt appeals from the district court's judgment entered July 16, 2012 granting the summary judgment motion of defendant-appellee TASER International, Inc. ("TASER") and dismissing the complaint. Kandt, a deputy sheriff with the Oswego County Sheriff's Department, suffered vertebral compression fractures during a training exercise in which he was voluntarily exposed to a "hit" from an electronic control device ("ECD") manufactured by TASER. Kandt sued TASER alleging, inter alia, that TASER had failed adequately to warn him of the risk that an ECD exposure could cause vertebral compression fractures. The district court awarded TASER summary judgment, concluding that TASER's warning was adequate as a matter of law. We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review an award of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The adequacy of a warning is "generally a question of fact to be determined at trial and is not ordinarily susceptible to the drastic remedy of summary judgment." Urena v. Biro Mfg. Co., 114 F.3d 359, 366 (2d Cir. 1997) (citation and internal quotation marks omitted); see also Liriano v. Hobart Corp., 92 N.Y.2d 232, 243 (1998) (evaluating failure to warn liability is "intensely fact-specific"). Nevertheless, a warning may be held adequate as a matter of law where the warning is "accurate, clear, consistent on its face, and . . . portrays with sufficient intensity the risk." Martin v. Hacker, 83 N.Y.2d 1, 10 (1993). In deciding whether a warning's adequacy presents a factual question for the jury, a court must carefully analyze the warning's language, including "not only the meaning and

- 3 -

informational content of the language but also its form and manner of expression."  Id.  Further, the warning should be considered "as a whole."  Id. at 12.

Here, TASER's warning regarding potential vertebral fractures was accurate, clear, consistent, and sufficiently forceful.  Prior to his ECD exposure, Kandt was given a two-page form entitled "Volunteer Warnings, Risks, Liability Release and Covenant Not to Sue" (the "Release"), which he reviewed and signed.  The Release began with a caution symbol and the word "WARNING" in large block letters, and it specifically warned of "a degree of risk that someone will get hurt or may even be killed due to physical exertion, unforeseen circumstances and individual susceptibilities."  In a section clearly labeled "HEALTH RISKS," the Release stated, "Fractures to bones, including vertebrae, may occur."  Although the Release noted that such injuries "may be more likely to occur in people with pre-existing injuries," this statement did not detract from the warning; it warned of heightened risks for certain people, not the absence of risk for others.  Further, the statement that "[i]t is believed that the risk of these injuries is comparable to or less than the risk(s) from vigorous physical exertion, such as weight training, wrestling, or other intense athletic endeavors," did not render the warning unclear as a matter of

law where, as here, the Release unequivocally warned users of serious injury, fractures, and even death.

Although the PowerPoint presentation that Kandt viewed prior to his ECD exposure did not specifically warn trainees about the risk of fractures, it did include reminders about the dangers associated with ECDs, and it specifically referred to the warnings in the Release several times. One of those slides featured a large danger symbol and the word "WARNING" in large dark print, following the heading, "Are TASER Devices Risk Free? No." The slide then specifically instructed trainees to "review all TASER Warnings contained in the instructor manual." That TASER could have reiterated the specific risks in the PowerPoint slides but chose instead to refer back to the Release does not render the warning inadequate. Cf. Marquez v. City of Phoenix, 693 F.3d 1167, 1173 (9th Cir. 2012) (noting that "TASER could have provided a stronger warning" -- indeed, "[a] manufacturer can always provide more information" -- but concluding that warning was nevertheless adequate as a matter of law).

Kandt does not dispute that he read, understood, and signed the Release, and viewed the PowerPoint presentation prior to receiving the ECD exposure. The warning contained in the Release unequivocally informed him of the risk of vertebral fractures -- the precise injury Kandt suffered -- as well as

more serious injuries, including death.  Thus, the testimony of Kandt and his fellow officers that they believed they would suffer nothing more than temporary soreness is insufficient to raise a genuine issue of fact as to the warnings' adequacy.  Cf. Wolfgruber v. Upjohn Co., 423 N.Y.S.2d 95, 96 (4th Dep't 1979) (warning adequate as a matter of law where it warned of "precise malady incurred"), aff'd, 52 N.Y.2d 768, 770 (1980).

We have considered Kandt's remaining arguments and conclude that they lack merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk