Russo v. Keough's

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
           GERARD E. LYNCH,
           CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*

_____

STEVEN A. RUSSO, JANET M. RUSSO,

               *Plaintiffs - Appellants*,
       v.                                No. 12-4196

KEOUGH'S TURN OF THE RIVER HARDWARE, LLC,

               *Defendant - Appellee.*[*]

_____

APPEARING FOR APPELLANTS:      MICHAEL FULLER SIRIGNANO, Cross River, New York.

---

[*] The district court ordered the caption of this case amended to terminate Werner Co. as a party to this lawsuit, but it appears that the district court's order was never executed. Accordingly, the Clerk is respectfully directed to amend the caption to conform to that above.

APPEARING FOR APPELLEE:          DAVID M. POLLACK, Lewis Brisbois Bisgaard & Smith, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants Steven A. Russo ("Russo") and Janet M. Russo brought this action for negligence, strict products liability, breach of warranty, and loss of consortium in Westchester County Supreme Court.[1]  Defendant-appellee removed the action to the Southern District of New York.  On September 25, 2012, the district court entered a judgment granting defendant-appellee Keough's Turn of the River Hardware LLC's ("Keough") motion to preclude the testimony of Russo's expert witness and for summary judgment.  On appeal, Russo challenges the district court's judgment, arguing that the district court erred both in excluding the expert's testimony and in granting summary judgment.  Separately, Russo contends that summary judgment is itself violative of the Seventh Amendment as that amendment was originally understood.  We find all of these arguments to be without merit, and therefore affirm the judgment of the district court.  We assume the parties' familiarity with the facts, the record of prior proceedings, and the specification of issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1] Because Janet Russo's claims are solely for loss of consortium and are thus derivative of her husband's, we will refer to Russo in the singular for the reader's convenience.

2

We review a district court's decision regarding the admissibility of expert testimony for abuse of discretion, bearing in mind that "a decision to admit or exclude expert scientific testimony is not an abuse of discretion unless it is manifestly erroneous," Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 160-61 (2d Cir. 2012) (internal quotation marks and brackets omitted). A district court assessing the admissibility of expert testimony acts as a "gatekeep[er]": "it is charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002), quoting Daubert v. Merrell Dow Pharms., 509 U.S. 579, 597 (1993). In assessing the reliability of an expert's testimony, "the district court should consider the indicia of reliability identified in Rule 702," Amorgianos, 303 F.3d at 265, namely (1) that "the testimony is based on sufficient facts or data"; (2) that "the testimony is the product of reliable principles and methods"; and (3) that "the expert has reliably applied the principles and methods to the facts of the case," Fed. R. Evid. 702. See also Nimley v. City of New York, 414 F.3d 381, 396 (2d Cir. 2005), quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) (noting that in fulfilling its "gatekeeping" function, district courts should "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field").

We cannot conclude that the district court abused its discretion, much less that the district court reached a "manifestly erroneous" decision in precluding the of the testimony

3

of Russo's expert, Dr. Maletta.  Dr. Maletta opined that Russo's accident was caused by the lack of uniformity in the ladder's side rail thickness.  But as the district court correctly noted, Dr. Maletta provided no basis for this assumption, failed to review any design specifications for the ladder at issue, and failed to conduct any tests to determine whether the varying rail thickness rendered the ladder unable to support Russo's weight.  The district court was therefore well within its discretion to conclude that Dr. Marletta's reasoning and methodology were unreliable and that his testimony was therefore inadmissible.  See Nimely, 414 F.3d at 396.

We review de novo a district court's decision granting summary judgment.  Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013).  Without the testimony of their expert witness, Russo's  claims fail because there would be no evidence from which a reasonable jury could conclude that the ladder was defective.  Moreover, the district court properly concluded that a jury could not return a verdict for plaintiffs based on the theory of *res ipsa loquitur*, finding that the plaintiffs could not establish that the ladder was in the exclusive control of the defendant on the day of the accident.  Although our cases applying New York law have not read the "requirement of exclusive control . . . strictly," Potthast v. Metro-North R.R. Co., 400 F.3d 143, 150 (2d Cir. 2005), we note that here, the ladder had not been under Keough's exclusive control for at least five years, and on de novo review, we find no evidence to support an allegation that Keough had any control over or contact with the ladder after it had been sold to Russo.

Finally, Russo's argument that summary judgment violates the Seventh Amendment as that amendment was understood at the time of its ratification in 1791 is unavailing.  Summary

4

judgment, like "many procedural devices developed since 1791 . . . [has] been found not to be inconsistent with the Seventh Amendment." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979). The Seventh Amendment right to trial by jury "exists only with respect to genuinely disputed issues of material fact." Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006).

We have considered all of Russo's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court