Henderson v. Sikorsky Aircraft Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fifteen.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges,*
> JOHN G. KOELTL,
> > *District Judge.*\*

---

EDWARD HENDERSON,

> *Plaintiff-Appellant,*

> v.                                                          13-3291

SIKORSKY AIRCRAFT CORPORATION, INC.,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Josephine Smalls Miller, East Hartford, Connecticut.

---

\* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:**        Eric L. Sussman (Albert Zakarian, *on the brief*), Day Pitney LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Edward Henderson appeals from an order of the district court granting summary judgment in favor of appellee Sikorsky Aircraft Corporation, Inc., on Henderson's claims of race discrimination, age discrimination, and retaliation under Title VII. Henderson challenges the district court's grant of summary judgment only as to his retaliation claim, which alleges that Sikorsky's failure to award Henderson a discretionary pay raise after promoting him to a supervisory position constituted retaliation for Henderson's filing of previous discrimination claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing all evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013), quoting Fed. R. Civ. P. 56(a). "[M]ere speculation or conjecture as to the true nature of the facts," Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted), or "[p]urely conclusory allegations of discrimination, absent any concrete particulars," Cameron v. Cmty. Aid For Retarded Children, Inc., 335 F.3d 60, 63 (2d

2

Cir. 2003) (internal quotation marks omitted), are insufficient to create a genuine dispute of material fact.

We evaluate retaliation claims under Title VII under the three-step burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). First, the plaintiff must establish a *prima facie* case of retaliation, demonstrating: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Hicks, 593 F.3d at 164 (internal quotation marks omitted). Once the plaintiff does so, the burden "falls on the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). Finally, if the employer offers a legitimate explanation, "the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for . . . retaliation." Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014). To demonstrate that an employer's explanation is pretextual, the plaintiff must show that "retaliation was a 'but-for' cause of the adverse action," meaning that "the adverse action would not have occurred in the absence of the retaliatory motive." Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845-46 (2d Cir. 2013). He or she may do so by "demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." Id. at 846.

In this case, even assuming that he has established a *prima facie* case of retaliation, Henderson has failed to produce any evidence rebutting Sikorsky's legitimate explanation for denying him a raise despite promoting him to a supervisory position. Henderson's supervisor testified that Sikorsky routinely exercised discretion in awarding raises to new supervisors,

3

having recently declined to increase the compensation of at least two new supervisors besides Henderson, and that the company's decision to deny Henderson a raise owed specifically to his poor job performance, including one evaluation ranking Henderson in the bottom ten percent of his peers. Indeed, Sikorksy asserts that Henderson's disappointing performance discouraged the company from awarding him a supervisory position for several years, and that Henderson was offered the promotion in 2012 only because there were no other qualified applicants to fill an immediate vacancy. Henderson does not dispute these facts, admitting that two colleagues also failed to receive raises upon assuming supervisory responsibilities absent any alleged retaliatory animus on Sikorsky's behalf. Nor has he produced any evidence suggesting that Sikorsky's explanation is a camouflage for more insidious motives, testifying only to his "belief" that his failure to receive a pay increase was in fact racially motivated – an entirely speculative assertion that in any event does not speak directly to Henderson's claim of retaliatory animus. J. App'x at 58. Henderson's conclusory allegations thus fail to create a genuine dispute of material fact sufficient to defeat summary judgment. See Cameron, 335 F.3d at 63.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4