11-2678-cv
Robins v. New York City Board of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fifteen.

PRESENT:
> AMALYA L. KEARSE,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Willodene Robins, AKA Dena Ketchem-Robins,

*Plaintiff-Appellant*,

v.                                                                                          11-2678-cv

New York City Board of Education,

*Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:          Willodene Robins, pro se, Bronx, N.Y.

FOR DEFENDANT-APPELLEE:          Susan Paulson, Francis F. Caputo, of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Willodene Robins, proceeding pro se, appeals the district court's grant of summary judgment to Defendants, dismissing her claims of age and race discrimination, retaliation, and hostile work environment pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's grant of summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). In so doing, we construe the evidence in the light most favorable to Robins as the non-moving party and draw all reasonable inferences in her favor. *Id.*

An independent review of the record and relevant case law reveals that the district court properly granted summary judgment to the New York City Board of Education. We affirm for substantially the same reasons stated by the district court in its order. *See Robins v. N.Y.C. Bd. of Educ.*, No. 07 Civ. 3599, 2010 WL 2507047 (S.D.N.Y. June 21, 2010). First, the district court correctly concluded that Robins's Title VII and ADEA claims regarding her 2004–2005 evaluation were time-barred. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). Second, Robins has failed to establish a prima facie case for employment discrimination or retaliation

2

under Title VII or the ADEA, and in any event, has failed to rebut Defendant's legitimate non-discriminatory and non-retaliatory reasons for the challenged actions. *See generally Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118–19 (2d Cir. 2002); *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98–99 (2d Cir. 2001). Finally, Robins has failed to establish a prima facie case for hostile work environment, as she has failed to provide any evidence that the alleged harassment was directed at her on account of her race or age. *See Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999).

We have considered all of Robins's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3