Jeanty v. New York City Dep't of Finance

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

———————————————————————

**Hamerton Jeanty,**

> *Plaintiff-Appellant*,

> v.                                                                      16-316

**New York City Department of Finance,**

> *Defendant-Appellee*.

———————————————————————

**FOR PLAINTIFF-APPELLANT:** Hamerton Jeanty, pro se, Shirley, NY.

**FOR DEFENDANT-APPELLEE:** Zachary W. Carter, Corporation Counsel of the City of New York; Devin Slack and Amanda Sue Nichols, of Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Hamerton Jeanty, pro se, sued his employer, the New York City Department of Finance ("the Department"), for discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. The United States District Court for the Southern District of New York (Gardephe, *J.*) granted summary judgment for the Department on Jeanty's discrimination claim, and a jury found for the Department on Jeanty's retaliation claim. On appeal, Jeanty argues that the court erred by granting the Department summary judgment on the discrimination claim and by granting the Department an extension of time to file summary judgment papers. He also challenges certain evidentiary rulings made by the court during the trial on the retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** We review de novo the district court's grant of summary judgment for the Department on Jeanty's discrimination claim. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). An independent review of the record and relevant case law reveals that the district court properly granted the Department summary judgment for substantially the reasons stated in the district court's thorough September 22, 2015, order. The court also acted well within its discretion in granting the Department a two-week extension of time to file summary judgment papers. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004).

**2.** We review preserved challenges to the district court's evidentiary rulings for abuse of discretion, *see Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir. 2001), and unpreserved challenges to those rulings for plain error, *see Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996).

Jeanty primarily presses an unpreserved challenge to the court's admission of certain time records. Jeanty fails to establish an error on the part of the court, much less an "error . . . so serious and flagrant that it [undermines] the very integrity of the trial." *Id.* (internal quotation marks omitted).

Jeanty also challenges the court's ruling that he could not introduce the deposition of a trial witness. This challenge fails. A deposition may be used to impeach a trial witness, *see* Fed. R. Civ. P. 32(a)(2), and it is admissible when the witness's trial testimony is inconsistent with the deposition testimony, *see* Fed. R. Evid. 801(d)(1)(A). But Jeanty fails to demonstrate that the witness's trial testimony was inconsistent with the deposition testimony.

We have considered Jeanty's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court