*Busby v. Syracuse City Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

**PRESENT:**
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> > *Circuit Judge,*
> JESSE M. FURMAN,*
> > *District Judge.*

---

Pamela Busby,

> *Plaintiff-Appellant,*

> v.                                                                    17-1550

Syracuse City School District, Talent Management,

> *Defendant-Appellee*.

---

---

* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PLAINTIFF-APPELLANT:**          Pamela Busby, *pro se*, Syracuse, NY.

**FOR DEFENDANT-APPELLEE:**          Miles G. Lawlor, Ferrara Fiorenza PC, East Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Pamela Busby, proceeding *pro se*, appeals from the district court's grant of summary judgment to the Syracuse City School District (the "School District") in her employment discrimination action.  Busby, an African-American woman, claimed that she was subject to disparate treatment and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, because of her race and sex.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party."  *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013).  "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). We conclude on the record before us that the district court properly granted summary judgment for the School District dismissing Busby's claims.

To make out a prima facie case of discrimination under Title VII, a plaintiff has the burden of establishing that (1) she is a member of a protected class; (2) she performed the job satisfactorily or was qualified for the position; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997). A plaintiff cannot establish a prima facie case based on "purely conclusory allegations of discrimination, absent any concrete particulars." *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

Busby has failed to introduce admissible evidence showing she was terminated under circumstances giving rise to an inference of discrimination. Even accepting as true Busby's allegations that her supervisor misreported the events leading up to her termination, Busby failed to put forth any evidence that her supervisor criticized her because she was an African-American woman. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("[M]ere speculation and conjecture is insufficient to preclude the granting of [summary judgment.]"). Moreover, while a plaintiff can establish an inference of discrimination where an employer treated him or her "less favorably than a similarly situated employee outside his protected group," Busby has not shown here that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003). Her Title VII claim accordingly must fail.

We likewise conclude that the district court properly dismissed Busby's hostile work environment claim. To establish a claim of a hostile work environment, a plaintiff must show that "the workplace was permeated with discriminatory intimidation that was sufficiently severe

3

or pervasive to alter the conditions of his or her work environment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004) (internal quotation marks and brackets omitted).

Busby's hostile work environment claim was based on her supervisor's criticisms and statements that she was "too busy" to listen to Busby. These incidents do not rise to the level of a hostile work environment. *See Demoret v. Zegarelli*, 451 F.3d 140, 150 (2d Cir. 2006) (holding that allegations that the defendant was "mild[ly] rude[]" were insufficient as a matter of law to meet the threshold for a hostile work environment). And, as with Busby's disparate treatment claims, there is no evidence that Busby's race or sex motivated her supervisor to treat her poorly. *See Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("[I]t is axiomatic that in order to establish a [protected characteristic]-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her [protected characteristic]." (internal quotation marks omitted)). Thus, the claim was properly dismissed.

We have considered all of Busby's arguments and find in them no basis for reversal or vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4