Best v. Duane Reade, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of March, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

JANICE ALISE BEST,

                  *Plaintiff-Appellant*,

             v.                                             17-380-cv

DUANE READE, INC.,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Janice Alise Best, *pro se*, New York, N.Y.

Appearing for Appellee:      Christine Hogan, Littler Mendelson, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Janice Alise Best appeals from the January 11, 2017 decision and order of the United States District Court for the Southern District of New York (McMahon, *J.*) granting her former employer, Duane Reade, Inc., summary judgment. Best's complaint alleged employment discrimination claims under the Americans with Disabilities Act ("ADA").. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's grant of summary judgment de novo, and examine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). ADA claims are analyzed under the burden-shifting framework established for discrimination claims: the plaintiff must establish a prima facie case; the employer must then demonstrate a non-discriminatory reason for the adverse employment action; and the plaintiff must then demonstrate that the reason was pretextual. *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015). To establish a prima facie case, the plaintiff must demonstrate that (1) she suffered from a disability; (2) the employer was aware of the disability; (3) the plaintiff could perform the essential functions of the job with a reasonable accommodation; and (4) the employer refused to make such accommodation. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000).

The district court correctly ruled that Best failed to make out a prima facie claim. Even assuming that Best was disabled within the meaning of the ADA, she did not counter Duane Reade's evidence that it attempted to accommodate her disability, a shoulder injury. When Best gave her supervisor a doctor's note stating that she could not lift heavy objects, the supervisor told her to "go do whatever she wanted around the store." Appellee's App'x at 220 ¶ 59. Such reassignment or "job restructuring" may be considered a reasonable accommodation under the ADA. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(1)(ii) (reasonable accommodations include "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position"); *see also Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006) ("The ADA lists reassignment to an existing, vacant position as a possible reasonable accommodation.").

Further, the district court correctly held that Duane Reade established that it fired Best because of attendance issues, not because of her disability or in retaliation for her complaints. Her supervisor issued four disciplinary write-ups, and referred Best's file to human resources for a termination decision, before Best submitted a doctor's note describing her alleged disability. Nothing in the record indicates that the attendance issues were a pretext for firing her. *See Cortes*, 802 F.3d at 231 (plaintiff must rebut employer's evidence of non-discriminatory motive).

We have considered the remainder of Best's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk