21-1091-cv
Ashley v. City of Bridgeport et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Malcolm O. Ashley,

>             *Plaintiff-Appellant*,

>    v.                                                              No. 21-1091

City of Bridgeport, Ronald Mercado, Lt., individually and as a Lt. of the Bridgeport Police Department, Roderick Doda, P.O., individually and as an Officer of the Bridgeport Police Department, Marie Cetti, P.O., individually and as an Officer of the Bridgeport Police Department, St. Vincent's Medical Center,

>             *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Malcolm O. Ashley, pro se, New Haven, CT.

FOR DEFENDANTS-APPELLEES
CITY OF BRIDGEPORT, RONALD
MERCADO, RODERICK DODA, AND
MARIE CETTI:                                Richard J. Buturla & Ryan P. Driscoll, Berchem Moses PC, Milford, CT.


FOR DEFENDANT-APPELLEE
ST. VINCENT'S MEDICAL CENTER:               Paul D. Williams, John W. Cerreta, & Andrew M. Ammirati, Day Pitney LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2021 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Malcolm Ashley, proceeding pro se, appeals the district court's judgment as to his lawsuit against Defendant-Appellee St. Vincent's Medical Center ("St. Vincent's") and individual Defendants-Appellees Ronald Mercado, Roderick Doda, and Marie Cetti (together with St. Vincent's, "Defendants") in connection with an alleged unlawful stop and search, a false arrest, and involuntary hospitalization and sedation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

This Court reviews a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, "accepting as true all of the complaint's well-pleaded facts." *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). This Court also reviews orders granting summary judgment de novo and

2

considers whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). This Court reviews "the district court's evidentiary rulings underlying a grant of summary judgment" for abuse of discretion and reverses only for manifest error. *Picard Tr. for SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v. JABA Assocs. LP*, 49 F.4th 170, 180–81 (2d Cir. 2022); *LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005).

## I. The District Court Properly Granted Defendants' Motions to Dismiss

We find that the district court properly granted Defendants' motions to dismiss. We address two claims that Ashley appears to directly challenge on appeal. First, we conclude that the district court properly dismissed Ashley's Fourth Amendment claim against St. Vincent's because it is not a state actor. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229–30 (2d Cir. 2014) (concluding that a private hospital was not a state actor when it engaged in "forcible medication and hospitalization"). Second, the district court properly dismissed Ashley's claim that his due process rights were violated when his knife was seized. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, Ashley could sue in state court for conversion of his knife. *See Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998) (where plaintiff alleged that police officer failed to return confiscated property, reasoning that New York state tort law was an adequate remedy because the deprivation

3

was random and unauthorized); Conn. Gen. Stat. § 54-36a (procedure for return of property seized by law enforcement).

## II. The District Court Properly Granted Defendants' Motions for Summary Judgment

As an initial matter, Ashley's arguments that the district court erred in admitting and considering certain evidence in its decisions to grant summary judgment are without merit. First, he failed to point to any evidence supporting his assertion that Defendants fabricated the Police Emergency Examination Request ("PEER") report by forging a doctor's signature. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) ("[A] plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). Moreover, contrary to what Ashley believes, St. Vincent's did not admit in its motion to dismiss that the PEER report was fraudulent. Ashley mistakes St. Vincent's recitation of his own factual allegations, which must be "assume[d] as true" "[i]n evaluating a motion to dismiss," for an admission that the document is fraudulent. *See Kolbasyuk v. Cap. Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019). Second, as to Ashley's claims that the district court improperly relied on statements that were not authenticated, we find there was no authentication requirement where he had not challenged the authenticity of the relevant documents in the district court. *See H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454 (2d Cir. 1991).

We also conclude that the district court properly granted Defendants' summary judgment motions because, "construing the evidence in the light most favorable to [Ashley], 'there is no genuine dispute as to any material fact.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). As supplemented below, we affirm for substantially the same reasons stated by the district court.

4

Regarding his false arrest claim against Mercado and Doda, Ashley argues that the evidence showed the officers forced him onto a gurney. However, whether Ashley was forced was not a material dispute because the district court properly assumed that Ashley was transported involuntarily to the hospital. *See Ashley v. City of Bridgeport*, Civil No. 3:17-cv-724(AWT), 2021 WL 1215657, at *7 (D. Conn. Mar. 31, 2021) ("[V]iewing the evidence in the light most favorable to the plaintiff . . . the court assumes for purposes of this motion that the plaintiff was involuntarily transported to St. Vincent's."); *see also Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013))).

The district court also correctly reasoned that St. Vincent's was entitled to summary judgment on Ashley's assault and battery claims. Under Connecticut law, "a patient can recover for assault and battery" if, relevant to this case, a doctor "fails to obtain any consent to the particular treatment." *Godwin v. Danbury Eye Physicians & Surgeons, P.C.*, 757 A.2d 516, 519 (Conn. 2000). However, "a physician's duty to secure informed consent is not an absolute one, but rather is contingent on the particular context in which it arises." *Wood v. Rutherford*, 201 A.3d 1025, 1044 (Conn. App. Ct. 2019). For example, a physician may not have to obtain informed consent if "an emergency makes it impractical to obtain consent," such as "in an emergency situation where the patient is in immediate danger." *Id.* at 1045 (quoting *Andersen v. Khanna*, 913 N.W.2d 526, 537 n.4 (Iowa 2018) and *Wheeldon v. Madison*, 374 N.W.2d 367, 375 (S.D. 1985)). "[T]he emergency exception 'comes into play when the patient is unconscious or otherwise incapable of consenting, and harm from a failure to treat is imminent and outweighs any harm threatened by

5

the proposed treatment." *Id.* (quoting *Canterbury v. Spence*, 464 F.2d 772, 788 (D.C. Cir. 1972)). Here, the district court considered the circumstances as a whole, including that Ashley was taken to the hospital by police officers based on concerns for his mental health and that his agitation prevented the doctor from examining him.

We have considered Ashley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6