23-7548-cv
Kakar Kurtz v. Lawson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
     RICHARD J. SULLIVAN,
     MARIA ARAÚJO KAHN,
      *Circuit Judges*.

------------------------------------------------------------------

SHVETA KAKAR KURTZ, DANIEL
L. KURTZ, solely in their roles as
parent-guardians, A.K., a minor
child, M.K., a minor child,

   *Plaintiffs-Appellants*,

   v.            No. 23-7548-cv

BRENDA LAWSON, individually,
and as an ACS case
manager/supervisor, NEW YORK
PRESBYTERIAN
HOSPITAL/WEILL-CORNELL
MEDICAL CENTER, MARIE
LUPICA, as an individual, treating

physician and state actor operating under color of law, CITY OF NEW YORK, YSCARY RODRIGUEZ, individually, as a caseworker employed by ACS,

*Defendants-Appellees.*\*

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | SCOTT A. KORENBAUM, New York, NY |
| | |
| FOR APPELLEES BRENDA LAWSON, CITY OF NEW YORK, YSCARY RODRIDUEZ: | SUSAN PAULSON (Richard Paul Dearing, Claude S. Platton, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |
| | |
| FOR APPELLEES MARIE LUPICA, NEW YORK PRESBYTERIAN HOSPITAL/ WEILL-CORNELL MEDICAL CENTER: | GLENN ALAN KAMINSKA (Caryn L. Lilling, Katherine Herr Solomon, *on the brief*), Mauro Lilling Naparty LLP, Woodbury, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

Plaintiffs Shveta Kakar Kurtz and Daniel L. Kurtz appeal from a September 27, 2023 judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*), challenging both the dismissal of their malicious prosecution claims on summary judgment and an adverse jury verdict on their medical malpractice claims. Plaintiffs brought this lawsuit on behalf of themselves and their children against the Defendants-Appellees arising out of a child abuse investigation conducted by employees of the City of New York's Administration for Children's Services ("ACS"). The ACS investigation stemmed from two emergency room visits in short succession and subsequent follow-up visits involving the parents' infant child, A.K. ACS initiated removal proceedings in New York City family court, but the action was ultimately dismissed with prejudice. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.      **Malicious Prosecution Claims**

Plaintiffs first contend that the District Court erred in granting summary judgment in favor of Defendants-Appellees on their malicious prosecution claims. We review the District Court's grant of summary judgment *de novo*,

construing the evidence presented by each side in the light most favorable to Plaintiffs, as the non-moving parties, and drawing all reasonable inferences in their favor. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). Summary judgment may be granted where the non-movants fail to rebut the movants' showing that they are entitled to judgment as a matter of law. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017).

Plaintiffs contend that they adduced sufficient evidence at the summary judgment stage for a reasonable juror to conclude that the ACS employees "deliberately misrepresented" the evidence available to them when they initiated removal proceedings, thus negating the inference of probable cause created by the family court's grant of ACS's petition for removal. Appellants' Br. 25; *see Kurtz v. Hansell*, 664 F. Supp. 3d 438, 452–55 (S.D.N.Y. 2023). We disagree.

The District Court correctly observed that "[i]n these circumstances," Plaintiffs needed but failed to "adduce evidence of bad faith sufficient to negate probable cause," meaning "evidence on which a reasonable factfinder could find that misrepresentations in or omissions from ACS's Petition resulted in its being intentionally or recklessly false." *Kurtz*, 664 F. Supp. 3d at 455 (quotation marks omitted). On appeal, Plaintiffs fail to identify record evidence from which a

4

reasonable finder of fact could conclude that the ACS employees made any false or misleading statements intentionally, recklessly, or otherwise in bad faith. *See Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) (observing that a presumption of probable cause may be rebutted by a showing that the prosecution was premised on "misrepresented or falsified evidence" or on other "bad faith" actions (quotation marks omitted)). Because "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York," *Dufort v. City of New York*, 874 F.3d 338, 351 (2d Cir. 2017) (quotation marks omitted), we affirm the District Court's partial grant of summary judgment dismissing Plaintiffs' malicious prosecution claims.

## II. Motion to Preclude

Plaintiffs also challenge the District Court's denial of their motion *in limine* to preclude evidence of the parents' behavior during the two initial emergency room visits. "We review a district court's evidentiary rulings deferentially, reversing only for abuse of discretion." *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013). We will find an abuse of discretion only if we conclude that the challenged ruling "is manifestly erroneous or arbitrary and irrational." *United States v. Dawkins*, 999 F.3d 767, 788 (2d Cir. 2021) (quotation marks omitted). The

5

District Court did not abuse its discretion in determining that "[t]he parents'

statements and conduct, taken as a whole, reasonably bear on [Defendant] Dr.

Lupica's state of mind and thought process relative to the care and treatment

plan" of the infant, as well as the "length and scope of [her] examination," all of

which were relevant to the medical malpractice claim.  Spec. App'x 68.

Plaintiffs also argue that Defendants' counsel improperly crossed the line

in his closing argument by citing evidence of Plaintiffs' emergency room

behavior to attack their credibility.  But even assuming that these summation

remarks violated the District Court's *in limine* ruling, Plaintiffs did not raise any

objections before the District Court, and do not demonstrate on appeal how any

such error here was "so serious and flagrant that it [went] to the very integrity of

the trial."  *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996)

(quotation marks omitted).  And in any event, the District Court had previously

given a timely and appropriate limiting instruction that the jurors should not

consider testimony about the parents' behavior as bearing on their character or

credibility.  *See United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002).  We

accordingly reject Plaintiffs' challenge and affirm the judgment in favor of

Defendants-Appellees with respect to the medical malpractice claims.

6

## CONCLUSION

We have considered Plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court