*Bruno v. City of Schenectady, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> > *Circuit Judge,*
> J. PAUL OETKEN,*
> > *District Judge.*

---

Carmencita Bruno,

> *Plaintiff-Appellant,*

> v.                                                                        16-1131

The City of Schenectady; Thomas Mattice, individually and as agent of the City of Schenectady; Michael DellaRocco, individually and as agent of the City of Schenectady; John Doe, #5; Faarstad, as John Doe, #4, individually and as agent of the City of Schenectady; John Does, #6-10; Village of Scotia Firefighters Collectively; Mark LaViolette or Kyle Rudolphsen, as John Doe, #5, individually and as agents of the EMS Department of the County of Schenectady;

---

* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

The Village of Scotia; Police Officers with the City of Schenectady, as John Doe, #1, #2, #3, individually and as agents of the City of Schenectady; Police Officer with the City of Schenectady, as Jane Doe, #1, individually and as agent of the City of Schenectady,

*Defendants-Appellees.*[1]

FOR APPELLANT:          CARMENCITA BRUNO, *pro se*, Howes Cave, NY.

FOR THE CITY APPELLEES:   MICHAEL J. MURPHY (Brienna L. Christiano, *on the brief*), Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY.

FOR THE COUNTY APPELLEES:  MARC H. GOLDBERG (William D. Christ, *on the brief*), Phillips Lytle, LLP, Albany, NY.

FOR THE VILLAGE APPELLEES:  JONATHAN M. BERNSTEIN, Goldberg Segalla, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED IN PART AND AFFIRMED IN PART**.

Plaintiff-Appellant Carmencita Bruno, an attorney proceeding *pro se*, appeals from a March 2016 judgment dismissing her case with prejudice, which followed (1) a February 2014 order dismissing most of Bruno's claims against the Defendants under Federal Rule of Civil Procedure 12(b), *see Bruno v. City of Schenectady*, No. 1:12-CV-0285 GTS/RFT, 2014 WL 689664 (N.D.N.Y. Feb. 20, 2014); and (2) a March 2016 order granting summary judgment for

---

[1]  The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

the Defendants on the remaining claims, *see Bruno v. City of Schenectady*, No. 1:12-CV-0285 GTS/RFT, 2016 WL 1057041 (N.D.N.Y. Mar. 14, 2016). Bruno brought claims against three groups of defendants-appellees: the City of Schenectady and seven of its employees (the "City Defendants" or "City Appellees"), the Village of Scotia and five of its employees (the "Village Defendants" or "Village Appellees"), and the County of Schenectady and two of its employees (the "County Defendants" or "County Appellees"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of a motion to dismiss, "constru[ing] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012). To avoid dismissal, a complaint must contain enough facts "to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).[2] This Court also reviews *de novo* the grant of summary judgment, focusing on whether the district court properly concluded that there was no genuine dispute as to any material fact and

---

[2] While the pleadings of *pro se* litigants are generally construed liberally, *pro se* litigants who are attorneys ordinarily "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 82 n. 4 (2d Cir. 2001) (internal quotation marks omitted) Bruno nonetheless asserts on appeal that we should make an exception to this general rule on account of her alleged cognitive impairment. We do not decide today whether to recognize such an exception because the outcome of this appeal remains the same either way.

3

the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). In so doing, this Court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his or her favor. *Id.* Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although Bruno pursues a number of claims on appeal, two merit discussion beyond that provided by the district court. First, we agree with the district court that Bruno has not sufficiently alleged, pursuant to Fed. R. Civ. P. 12(b)(6), that either she or her dogs were improperly "seized." The Fourth Amendment protects the rights of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] person has been 'seized' . . . only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "To determine whether a seizure is unreasonable, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion and determine whether the totality of the circumstances justified the particular sort of seizure." *Carroll v. Cty. of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (internal quotation marks, alteration, and ellipsis omitted).

4

To the extent that Bruno alleges that defendants "seized" her dogs, her complaint does not plausibly allege a Fourth Amendment violation. The dogs were inside her house; she complains instead that defendants who were outside did not go inside to get them. While Bruno herself was plausibly alleged to have been restrained from going into the house, such a seizure of Bruno was not unreasonable. The Supreme Court has held that "[f]ire officials are charged not only with extinguishing fires, but with finding their causes'" and preserving "evidence." *Michigan v. Tyler*, 436 U.S. 499, 510 (1978). Applying these principles here, it was eminently reasonable for fire officials to temporarily prevent Bruno from entering her home while the fire on the premises was still under investigation. The restraint of Bruno outside of her home did not constitute the officials' seizure of the contents of her home.

On the other hand, we vacate and remand the district court's conclusion that Bruno has failed to allege a claim of deliberate indifference to her medical condition in violation of the Fourteenth Amendment. To state such a claim, a plaintiff must plead facts "show[ing] that she had a serious medical condition and that it was met with deliberate indifference." *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) (internal quotation marks omitted). The first element requires "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation marks omitted). The second element, *i.e.*, that the defendants were deliberately indifferent, has nonetheless evolved over time. In *Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009), we adopted a "subjective" standard for determining whether a defendant was deliberately indifferent, which required the plaintiff to plead that the defendant "disregard[ed] a risk of harm of which he [wa]s aware." *Id.* at 65 (quoting

5

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), however, we recognized that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) overruled this aspect of *Caiozzo* and instead mandated that we use an "objective" standard, *i.e.*, whether a "reasonable person" would appreciate the risk to which the detainee was subjected. *Id.* at 29, 33-35. Accordingly, pursuant to *Darnell*, an official does not act in a deliberately indifferent manner toward an arrestee unless the official "acted *intentionally* to impose the alleged condition, *or recklessly* failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official *knew, or should have known*, that the condition posed an excessive risk to health or safety." *Id.* at 35 (emphasis added).

The district court's decision dismissing Bruno's deliberate indifference claim predated our decision in *Darnell* and therefore utilized a "subjective" rather than "objective" standard. *See Bruno*, 2014 WL 689664, at *18. Because this standard focused purely on the mindset of the defendants, rather than on what a "reasonable person" would have believed under the circumstances, it is now erroneous. *See Darnell*, 849 F.3d at 29, 33-35. We thus vacate and remand the district court's decision dismissing Bruno's deliberate indifference claim so that it can be adjudicated under the standard adopted in *Darnell*.

We note, however, that Bruno has sufficiently alleged the existence of a "serious medical condition." *Johnson*, 412 F.3d at 403. In dismissing Bruno's deliberate indifference claim, the district court reasoned (in part) that she had failed to allege facts plausibly suggesting a serious medical condition because it was "difficult to conclude that such condition was [her] pre-existing [TBI], given that she was well enough to be released from a hospital before the fire." *Bruno*,

6

2014 WL 689664, at *18.   While it is true that Bruno was released from the hospital prior to the fire, she has alleged that the police officers' actions at the fire scene *aggravated* her prior TBI and placed her once again in "a condition of urgency."   *See Johnson*, 412 F.3d at 403 (internal quotation marks omitted).   Bruno therefore has sufficiently alleged the existence of a "serious medical condition" at the time of her arrest.[3]

We have reviewed all of Bruno's other claims and conclude that they lack merit, substantially for the reasons stated by the district court. Accordingly, the **VACATE** the judgment as to the deliberate medical indifference claim, **REMAND** for further proceedings on that claim, and **AFFIRM** the judgment in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  The City Defendants additionally argue that, because Bruno first made a deliberate indifference claim in her opposition to the City Defendants' motion to dismiss, the claim should not be considered on appeal.   However, although Bruno's complaint failed to list deliberate indifference as one of her identified causes of action, she listed the claim in her "Causes of Action in Summary" paragraph, referred to the claim throughout her complaint, and repeatedly alleged that the officers at the precinct denied her requests for medical care.   We therefore conclude that she has preserved this claim.