Johnson v. Deputy Warden Turnbill, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> *Circuit Judges,*
> RICHARD K. EATON,*
> *Judge.*

---

Glenn Johnson,

> *Plaintiff-Appellant*,

> v.                                                                      16-3521

Deputy Warden Turnbill, Captain Johnson, Shield #1338, Officer Suarez, Officer James, Mrs., Deputy Warden Cox,

> *Defendants-Appellees*,

New York City Department of Correction,

---

\* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

*Defendant.*

FOR APPELLANT:          Glenn Johnson, pro se; Malone, NY.

FOR APPELLEES:          Damion K.L. Stodola, Assistant Corporation Counsel
                        (Scott Shorr, Assistant Corporation Counsel, *on the brief*)
                        *for* Zachary W. Carter, Corporation Counsel of the City
                        of New York; New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part, and **REMANDED** for further proceedings.

Appellant Glenn Johnson, a pre-trial detainee at Riker's Island, sued various corrections officers for using excessive force pursuant to 42 U.S.C. § 1983. He appeals, pro se, from the district court's grant of summary judgment, restating his claims from his initial complaint, including a claim alleging the prolonged use of overtightened handcuffs. A motions panel of this Court dismissed his appeal, with the exception of his handcuff claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's summary judgment ruling de novo. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, "we must resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). We liberally construe pleadings submitted by pro se litigants, reading their submissions to raise the strongest arguments they suggest. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154,156–58 (2d Cir. 2017) (per curiam).

To succeed in an excessive force claim under the Fourteenth Amendment, a pre-trial detainee like Johnson "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). This Court has "recognized that excessively tight handcuffing that causes injury can constitute excessive force . . ." *Shamir v. City of New York*, 804 F.3d 553, 557

(2d Cir. 2015); *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (even where restraints were justified for a prisoner during transport, material questions of fact existed "whether the risk of escape made it necessary for the defendants to shackle the plaintiff so tightly as to cause severe pain and permanent injury"); *see also Calamia v. City of New York*, 879 F.2d 1025, 1035 (2d Cir. 1989).

Johnson's complaint attributed his injuries in part to the duration and tightness of his handcuffs.   An attachment to the complaint alleges that Johnson asked defendant Suarez for help after having been restrained in tightened handcuffs for three hours in a holding pen.   These allegations were sufficient to place the defendants on notice that Johnson was alleging excessive use of force in the duration and tightness of his handcuffing.   However, neither the defendants in their summary judgment motion, nor the district court in its opinion addressed the tight handcuffs as a potential ground for an excessive force claim.   We therefore remand for the district court to consider the handcuff claim in the first instance.   *See Shamir*, 804 F.3d at 556.

Accordingly, we **VACATE** the judgment in part and **REMAND** for further proceedings on Johnson's excessive force claim based on the use of handcuffs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3