16-3855-cv
Perkins v. Bronx Lebanon Hospital Center

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand eighteen.

**PRESENT:**
> **DENNIS JACOBS,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges,*
>
> **PAMELA K. CHEN,\***
> > *District Judge.*

_____

**Craig Perkins,**

> *Plaintiff-Appellant*,

> **v.**                                                                 **16-3855-cv**

**Bronx Lebanon Hospital Center,**

> *Defendant-Appellee*,

**1199SEIU United Healthcare Workers East,**

> *Defendant*.

_____

**FOR PLAINTIFF -APPELLANT:**                          Craig Perkins, pro se, Bronx, NY.

---

\* Judge Pamela K. Chen of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT -APPELLEE:**                                      Nicholas R. Bauer, John P.
                                                                 Keil, Collazo Florentino &
                                                                 Keil LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Francis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Craig Perkins, appearing pro se, appeals the judgment of the United States District Court for the Southern District of New York granting summary judgment in favor of Bronx Lebanon Hospital Center on his Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims. The parties consented to proceed before Magistrate Judge Francis. Record on Appeal ("ROA") doc. 85. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment de novo and focuses on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). The Court is required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd.*, *v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

For a meal break to be compensable under the FLSA and NYLL, that break must be predominantly for the benefit of the employer. *Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58, 63-65 (2d Cir. 1997). Review of the record and relevant case law reveals that the district court correctly concluded that Perkins's mealtime activities were not predominantly for the hospital's benefit. Perkins failed to raise any genuine dispute as to the "work" he was required to perform during his mealtime. *Id.* at 64. The hospital was therefore entitled to judgment as a matter of law.

We have considered all of Perkins's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                         FOR THE COURT:
                                         Catherine O'Hagan Wolfe, Clerk of Court