19-1253-cv
Schulz v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

ROBERT L. SCHULZ,

                *Plaintiff-Counter-Defendant-Appellant*,

                v.                                          19-1253-cv

UNITED STATES OF AMERICA,

                *Defendant-Counter-Claimant-Appellee*.[1]

_____

Appearing for Appellant:      Robert Schulz, pro se, Queensbury, N.Y.

Appearing for Appellee:       Karen G. Gregory, Tax Division, Department of Justice (Bruce R. Ellisen, Richard E. Zuckerman, Principal Deputy Assistant Attorney General, *on the brief*)

                              Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert Schulz appeals from the March 27, 2019 judgment of the United States District Court for the Northern District of New York (Sannes, *J.*) granting the government summary judgment and imposing a penalty of $4,430 on Schulz for operating an abusive tax shelter in violation of 26 U.S.C. § 6700. In 2007, the district court imposed a permanent injunction on Schulz and two nonprofit entities of his creation, We the People Foundation for Constitutional Education, Inc. and We the People Congress, Inc. (collectively "WTP"), barring them from distributing documents designed to convince companies and workers that the income tax is fraudulent. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving parties and drawing all reasonable inferences in their favor. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010) (internal quotation marks omitted).

We affirm for substantially the reasons set out in the district court's well-reasoned decision.
The district court properly determined that WTP was an alter ego of Schulz for liability purposes. Because the issue pertains to "the internal affairs of corporations—for profit or not-for profit—" the question of whether WTP was an alter ego is decided "in accordance with the law of the place of incorporation," in this case New York. *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000).

In determining whether a corporation qualifies as an alter ego, courts consider such factors as "the absence of the formalities and paraphernalia that are part and parcel of the corporate existence" such as "election of directors," the use of "common office space" with the alleged dominating person, "the amount of business discretion" the corporation displayed independent of the dominating person, and "the payment or guarantee of debts of the dominated corporation" by the dominator. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991). Moreover, "the intermingling of corporate and personal funds," the "siphoning of corporate funds" by the alleged dominator, and the "nonfunctioning of other officers and directors" also point to a corporation being an alter ego. *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600-01 (2d Cir. 1989).

Schulz argues that the board of directors retained control over WTP, such that it was not an alter ego. The record evidence shows, however, that Schulz served as the president, chief executive officer, and chairman of WTP, and exercised total control over the composition and functions of the nominal board of directors. Regarding common office space, WTP's sole physical location was Schulz's home, in which he and his wife were the sole people managing

the corporation. Schulz reported that WTP had no employees, although his wife worked as a volunteer. Despite the presence of a board, Schulz was by all accounts the only person directing WTP's affairs and drafting its message, personally writing and publishing all of its petitions and public statements and serving as the self-proclaimed "voice of the organization."

Moreover, Schulz's activities with WTP displayed the same "intermingling of corporate and personal funds" associated with an alter ego. *Wrigley Jr. Co.*, 890 F.2d at 600. Schulz used his personal credit cards to pay for WTP's expenses, and WTP's willingness to pay for Schulz's bills—including his personal legal expenses—shows that "funds [were] put in and taken out of the corporation for personal rather than corporate purposes" in the manner indicative of an alter ego. *Wm. Passalacqua*, 933 F.2d at 139. Considering the degree of Schulz's involvement in managing and coordinating WTP, his sole control over its message, and the intermingling of his own money with that of WTP, the district court correctly granted summary judgment to the government.

We have considered the remainder of Schulz's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3