19-3092
*Cousar v. New York-Presbyterian Queens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:    DENNY CHIN,
            MICHAEL H. PARK,
                     *Circuit Judges*,
            KIYO A. MATSUMOTO,
                     *District Judge.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PECOLA COUSAR,
                     *Plaintiff-Appellant*,


        -v-                                                    19-3092


NEW YORK-PRESBYTERIAN QUEENS,
                     *Defendant-Appellee*.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:       Pecola Cousar, *pro se*, Bronx, New York.

FOR DEFENDANT-APPELLEE:       James S. Frank, John Houston Pope, Epstein
                              Becker & Green, P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *Ch. J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Pecola Cousar, proceeding *pro se*, appeals the district court's judgment entered August 27, 2019, in favor of New York-Presbyterian Queens (the "Hospital"). By memorandum and order entered August 26, 2019, the district court granted the Hospital's motion for summary judgment and denied Cousar's cross-motion for summary judgment, her motion for leave to file a second amended complaint, and her requests for additional discovery. Cousar had asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 24 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), and N.Y. Exec. Law § 290 *et seq.*, as well as a breach of contract claim under New York law.[1] This appeal followed. We assume the parties'

---

[1]     Cousar was represented by counsel from the filing of her complaint on April 13, 2016 to February 7, 2017, when the district court granted her motion to relieve her initial counsel, and from April 6, 2017 until August 21, 2017, when she was represented by pro bono counsel for purposes of mediation. The mediation was unsuccessful, and thereafter Cousar represented herself.

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Summary Judgment

"We review *de novo* a district court's grant of summary judgment." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013).  "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We reject Cousar's various challenges to the district court's grant of summary judgment and denial of her cross-motion for summary judgment.  Contrary to Cousar's assertions, the district court considered -- and denied -- Cousar's cross-motion for summary judgment.  Cousar also argues that the district court overlooked or mischaracterized evidence purportedly establishing a genuine dispute of material fact in granting the Hospital's motion for summary judgment.  We disagree.  The district court's decision accurately described the evidence in the record.  Cousar's argument that the district court violated the Rules Enabling Act, 28 U.S.C. § 2072, also fails.  The district court properly applied the summary judgment procedures in Federal Rule of Civil Procedure 56, which we have held to be consistent with 28 U.S.C. § 2072.  *See La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020).

## II. Leave to Amend

We review *de novo* a district court's denial of leave to amend as futile. *See*

*Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). Although a *pro se* plaintiff should be

"grant[ed] leave to amend at least once when a liberal reading of the complaint gives

any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (internal quotation marks omitted), "a futile request to replead should be

denied." *Id.* Cousar argues on appeal that her proposed amendment to add a 42 U.S.C.

§ 1981 claim would not be futile because the statute of limitations had not run for such a

claim. But this was not the basis for the district court's ruling -- it found that the

proposed § 1981 claim was futile because (1) the record did not contain any evidence

that Cousar was treated differently on account of her race, color, or national origin, and

(2) to the extent that Cousar alleged new facts in the proposed second amended

complaint, these amendments contradicted Cousar's deposition testimony. *See Burgis v.*

*N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (To prevail on a § 1981 claim, a plaintiff must

show that "defendants acted with discriminatory intent."); *cf. Rojas v. Roman Catholic*

*Diocese of Rochester*, 660 F.3d 98, 104-05 (2d Cir. 2011) (affirming grant of summary

judgment based on conclusion that plaintiff presented "sham evidence" that "directly

contradicted" her prior sworn statements). Cousar does not challenge these findings on

appeal. The proposed addition of defendants -- requested after Cousar had already

4

filed an amended complaint -- was also futile; claims against the Hospital's employees would have failed for the same reasons as the claims against the Hospital.

### III. Request to Reopen Discovery

We review discovery rulings for abuse of discretion. *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997). The district court denied one of Cousar's requests to extend discovery during a September 14, 2018 hearing, and it denied her request to reopen discovery in support of her proposed second amended complaint in its August 26, 2019 memorandum and order. Neither denial constituted an abuse of discretion. *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 ("[W]e will only find abuse [of discretion] when the district court's decision rests on an error of law or a clearly erroneous factual finding, or its decision cannot be located within the range of permissible decisions.") (citations and internal quotation marks omitted). The court had already granted one discovery extension while Cousar was represented by counsel, and three more extensions after she elected to proceed *pro se*. Cousar's request for discovery included likely irrelevant information from a union that did not represent her, and a request for interrogatories to non-parties, which was improper under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33 (providing for interrogatories to parties only). Finally, the district court did not abuse its discretion in denying Cousar's request for discovery in support of her proposed second amended complaint because the proposed amendment was futile, as discussed above.

5

*  *  *

We have considered Cousar's remaining arguments and conclude they are

without merit.[2]  For the foregoing reasons, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]    To the extent that Cousar argues that the judgment should be reversed because her first attorney was ineffective, this argument is meritless because, "except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases" -- and, by extension, no right to effective counsel. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).  Separately, the district court did not err in stating that Cousar was proceeding *pro se*, as she was *pro se* when the Hospital filed its summary judgment motion.  And even if this were an error, it would have been harmless as it had no bearing on the district court's analysis.  The district court was also not required to recount Cousar's allegations against her former attorney, as the allegations were not relevant to the issues before it.  Finally, Cousar's allegations of judicial bias rely entirely on adverse decisions and are thus without merit.  *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis" for a judicial bias claim.).