22-878(L)
*Green Haven Prison Preparative Meeting v. N.Y. State Dep't of Corrections*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

GREEN HAVEN PRISON PREPARATIVE MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, an unincorporated association, YOHANNES JOHNSON, individually, As Clerk of GREEN HAVEN PRISON PREPARATIVE MEETING, GREGORY THOMPSON, individually, As Treasurer of BULLS HEAD-OSWEGO MONTHLY MEETING, NINE PARTNERS QUARTERLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, an unincorporated association, DONALD BADGLEY, individually, As Co-Clerk of NINE PARTNERS QUARTERLY MEETING, EMILY BOARDMAN, As Co-Clerk of NINE PARTNERS QUARTERLY MEETING, BULLS HEAD-OSWEGO MONTHLY MEETING, an unincorporated association, CAROLE YVONNE NEW, individually, As Clerk of BULLS HEAD-OSWEGO MONTHLY MEETING, DAVID LEIF ANDERSON, individually, As Treasurer of BULLS HEAD-OSWEGO MONTHLY MEETING, POUGHKEEPSIE MONTHLY MEETING, an unincorporated association, FREDERICK DONEIT, SR., as Treasurer of POUGHKEEPSIE MONTHLY

1

MEETING, JULIA GIORDANO, MARGARET L. SEELY, SOLANGE MULLER, NEW YORK YEARLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, INC.,

*Plaintiffs-Appellants*,

v.

No. 22-878(L)
22-1375(Con)

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY ANNUCCI, in his capacity as Acting Commissioner of the DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, JEFF MCKOY, in his capacity as the Deputy Commissioner for Program Services of the DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ALICIA SMITH-ROBERTS, in her capacity as the Director of Ministerial, Family and Volunteer Services of the DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, JAMIE LAMANNA, in his capacity as Superintendent of Green Haven Correctional Facility, JAIFA COLLADO, in her capacity as Deputy Superintendent of Programs at Green Haven Correctional Facility, MARLYN KOPP, in her capacity as Deputy Superintendent of Program Services at Green Haven Correctional Facility,

*Defendants-Appellees*.

---

For Plaintiffs-Appellants:      FREDERICK R. DETTMER, Law Office of Frederick R. Dettmer, New Rochelle, N.Y.

For Defendants-Appellees:      MARK S. GRUBE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Plaintiffs-Appellants ("Plaintiffs") appeal from a May 25, 2022 judgment of the Southern District of New York (Karas, *J.*) granting Defendants-Appellees' ("Defendants") motion to dismiss pursuant to Rule 12(b)(6) and their motion for summary judgment on exhaustion grounds. This appeal raises arguments similar to those considered by this Court in its October 18, 2021 decision affirming the district court's denial of a preliminary injunction. *See Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67 (2d Cir. 2021). We assume the parties' familiarity with that opinion, the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to affirm in part and to vacate and remand in part.

\* \* \*

Plaintiffs are individuals and organizations affiliated with the Religious Society of Friends, generally known as the Quakers. Two of the Plaintiffs, Yohannes Johnson and Gregory Thompson, are incarcerated in Green Haven Correctional Facility and are members of the Plaintiff Green Haven Prison Preparative Meeting of the Religious Society of Friends ("Green Haven Meeting") (together, "incarcerated Plaintiffs"). The remainder of the Plaintiffs are non-incarcerated Quaker individuals and Quaker organizations (together, "non-incarcerated Plaintiffs"). Johnson, Thompson, and Green Haven Meeting allege that officials at Green Haven and the New York State Department of Corrections and Community Supervision ("DOCCS") violated their rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by cancelling religious gatherings, called Quarterly Meetings, attended by incarcerated and non-incarcerated Quakers; eliminating weekend meetings for worship with a

3

concern for business ("MWCB"); and failing to revise the DOCCS system-wide "Holy Days Calendar" appropriately to reflect Quaker worship. The non-incarcerated Plaintiffs challenge Defendants' alleged cancellation of Quarterly Meetings. The district court granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) as to the non-incarcerated Plaintiffs' claims and Defendants' motion for summary judgment on exhaustion grounds as to the claims of the incarcerated Plaintiffs.

## I.      Incarcerated Plaintiffs

The claims of the incarcerated Plaintiffs were dismissed at summary judgment on exhaustion grounds. This Court reviews a district court's grant of summary judgment *de novo* "after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). We also review *de novo* whether a plaintiff exhausted administrative remedies under the Prison Litigation Reform Act ("PLRA"). Plaintiffs principally argue that the district court erred in granting Defendants' summary judgment motion because they were not required to exhaust their claims. For the following reasons, we disagree.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust, a prisoner must "properly" comply "with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and italics omitted). Plaintiffs do not dispute that they failed to grieve their claims in accordance with DOCCS's inmate grievance program ("IGP"). Instead, they argue that (1) the district court failed to apply correctly the standard of review; and (2) Green Haven Meeting is exempt from the PLRA exhaustion requirement.

4

As an initial matter, Plaintiffs argue that the district court shifted the burden placed on movants pursuant to Fed. R. Civ. P. 56 to show their entitlement to summary judgment by erroneously relying upon the legal conclusions of this Court in its decision affirming the district court's denial of a preliminary injunction – in effect, thereby placing the burden on Plaintiffs to disprove this Court's findings and conclusions. We disagree. In its opinion, the district court described the steps of its analysis and explained that it independently reviewed the case *de novo*:

> To be clear, the Court does not find that it is precluded from considering Plaintiffs' arguments currently before the Court . . . because the Court rejected these arguments in . . . a ruling that was upheld by the Second Circuit. Rather, the Court stands by its previous reasoning and is persuaded by the Second Circuit's reasoning in affirming the Court's rulings as explained herein.

*Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 18-CV-8497 (KMK), 2022 WL 902933, at *12 n.7 (S.D.N.Y. Mar. 28, 2022). That the district court found the reasoning of this Court persuasive in helping it independently conduct its Rule 56 analysis does not suggest any misapplication of the summary judgment standard. Nor did the district court abuse its discretion in not soliciting further briefing when Plaintiffs had ample time to seek leave to submit further briefing between the issuance of this Court's opinion in October 2021 and the district court's summary judgment decision in March 2022.

Turning to Plaintiffs' principal exhaustion arguments, several of which can be addressed together, the incarcerated Plaintiffs' choice to bring suit under the name "Green Haven Prison Preparative Meeting of the Religious Society of Friends" does not excuse their obligation to exhaust. Plaintiffs argue simultaneously that Green Haven Meeting is not a "prisoner" for purposes of the PLRA exhaustion requirement and that it is a "person residing in or confined to an institution" for the purpose of bringing suit under RLUIPA. We disagree. We reiterate this

5

Court's previous conclusion that Plaintiffs' statutory arguments are little more than an "attempt[]

to whipsaw the relevant statutes (RLUIPA and the PLRA) in a manner that vitiates the PLRA's

requirements." *Green Haven*, 16 F.4th at 82. As we said then, "[t]he action brought by Green

Haven Meeting is brought to vindicate the rights of its members, and those members, as prisoners,

are bound by the requirement of the PLRA." *Id.* Accordingly, the claims asserted by Green

Haven Meeting—whether on behalf of its members or purportedly in an institutional capacity—

must be exhausted in the grievance process before they can be pursued in litigation.

Plaintiffs next argue that § 701.3(d) of the IGP (Directive 4040), which states that "[c]lass

actions [are] not accepted," exempts their claims, which seek relief for multiple incarcerated

members of Green Haven Meeting, from any exhaustion requirement. 7 N.Y.C.R.R., § 701.3(d).

But that same provision affirms that "[i]ndividuals personally affected by a matter which affects a

class of inmates" may pursue a grievance on their own behalf. *Id.* In other words, the IGP does

not exclude claims from exhaustion where their substance relates to a class of prisoners; it simply

requires that affected prisoners grieve individually to obtain relief that could benefit all. In any

event, even if the IGP were unclear on how to grieve matters affecting multiple prisoners, the

inmates would still be required to exhaust. *See Ross v. Blake*, 578 U.S. 632, 644 (2016) ("When

an administrative process is susceptible of multiple reasonable interpretations, Congress has

determined that the inmate should err on the side of exhaustion."); *see also* 7 N.Y.C.R.R. §

701.3(e) ("If an inmate is unsure whether an issue is grievable, he or she should file a grievance

and the question will be decided through the grievance process . . . .").

Finally, despite their claim to the contrary, the incarcerated Plaintiffs have failed to

demonstrate the unavailability of a grievance procedure with regard to their claim concerning the

Holy Days Calendar. An administrative procedure is "unavailable" when (1) "it operates as a

simple dead end;" (2) the scheme is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643–44. Defendants met their initial burden of demonstrating the availability of a grievance procedure by "pointing to legally sufficient sources such as statutes, regulations, or grievance procedures." *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (internal quotation marks and alteration omitted). Plaintiffs simply claim, with neither legal nor factual support, that the grievance process cannot afford them a remedy in connection with their Holy Days Calendar claim. *See* Declaration of Assistant Director Nancy Fernandez (May 31, 2019), ECF No. 45 at 3, ¶ 7 ("Inmates may . . . file inmate grievances complaining about all DOCCS religious policies."). This falls far short of their obligation to "demonstrate that other factors . . . rendered a nominally available [administrative] procedure unavailable as a matter of fact." *Hubbs,* 788 F.3d at 59. Accordingly, this argument, too, is without merit and the Judgment dismissing the incarcerated Plaintiffs' claims at summary judgment on exhaustion grounds is affirmed.

## II.     Non-Incarcerated Plaintiffs

The district court dismissed the claims of the non-incarcerated Plaintiffs pursuant to Rule 12(b)(6) on the ground that these Plaintiffs failed to allege that the prison's termination of Quarterly Meetings imposed a substantial burden on the exercise of their religious beliefs. Plaintiffs argue on appeal that the district court erred. In a letter dated January 12, 2024, Defendants withdrew their argument that Plaintiffs failed to state a free exercise claim based on the substantial burden requirement in light of our recent decision in *Kravitz v. Purcell*, 87 F.4th 111 (2d Cir. 2023). Accordingly, we vacate the judgment as to the non-incarcerated Plaintiffs and remand for further proceedings as to their claims.

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to the claims of the incarcerated Plaintiffs. We **VACATE** the judgment of the district court as to the claims of the non-incarcerated Plaintiffs and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk